**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10480 |
| Plaintiff-Appellee, | D. C. No. 2:09-cr-00337-WBS-1 |
| v. | |
| SHANNONJON BENTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

A search of defendant Shannonjon Benton's ("Benton") purse resulted in her

conviction under 38 C.F.R. § 1.218(b)(39) for possession of a knife exceeding three

inches on Veteran Administration ("VA") property, which she now appeals. The

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

magistrate judge determined that the officers lacked probable cause to arrest Benton for drug possession, a determination that has not been appealed by the government. The magistrate nevertheless upheld the search on the theory that the officers could have arrested Benton for bringing a dog onto VA property, in violation of 38 C.F.R. § 1.218(a)(11). Because Benton was not under arrest for the dog offense, and nothing in the record supports a reasonable suspicion that Benton was armed or dangerous, we reverse and remand with instructions to enter an order granting Benton's motion to suppress.

The district court upheld the search as *per se* reasonable under the exception to the warrant requirement permitting officers to conduct a contemporaneous "full field search" incident to a lawful custodial arrest. *See United States v. Robinson*, 414 U.S. 218, 224, 235 (1973); *Chimel v. California*, 395 U.S. 752, 763 (1969). However, as a threshold issue, we must "determine . . . whether appellant[] [was] subjected to treatment that rendered [her] in custody *at the time of the search*." *United States v. Mota*, 982 F.2d 1384, 1386 (9th Cir. 1993) (internal quotation marks and citations omitted, emphasis added). At the time of the search, the officers had already declined to arrest Benton for the dog offense and she had been allowed to walk into the hospital by herself to retrieve her prescription. "It is the fact of the lawful arrest which establishes the authority to search." *Id.* (quoting *Robinson*, 414 U.S. at 235). Here,

there was no arrest for the dog offense at the time of the search and thus there could be no search incident to arrest.

**REVERSED and REMANDED for entry of an order granting the motion to suppress.**